IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONALD DURHAM                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO.: 2:07CV145-P-B

COAHOMA COUNTY SHERIFF DEPT., ET AL.                                              DEFENDANTS

### REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was scheduled in this case for May 13, 2008, to determine if there exists a justiciable basis for Plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In this case, the Complaint alleges that while an inmate at the Coahoma County Jail, Plaintiff, a seventeen-year-old, was housed in an adult dorm. The Complaint further alleges that Plaintiff was "physically" abused twice by Martin Gipson, a fifty-year-old inmate. The Complaint further alleges that Gipson also fondled Plaintiff by "putting his hands in [Plaintiff's] butt." Plaintiff claims Gipson admitted to Defendants Sgt. Humphery and Officer Gordon that he had assaulted Plaintiff. Plaintiff further claims that Sgt. Leroy is aware of the "whole situation" but has taken no action. Plaintiff further

alleges that Gipson "struck" another inmate because he was trying to protect Plaintiff. The Complaint alleges that Plaintiff feels victimized and afraid for his life.

During the *Spears* hearing, Plaintiff acknowledged that he had no warning beforehand that he would be assaulted by Gipson. Plaintiff further acknowledged that none of the defendants had advance warning either. Plaintiff has named the Coahoma County Sheriff's Dept., Sheriff Andrew Thompson, Sergeant Humphery, Officer Gordon and Sergeant Leroy Austin as defendants.

It is well-established that prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834 (citations omitted). Second, the prison officials must have acted or failed to act with " 'deliberate indifference to inmate health or safety.' " *Id.* (citations omitted). In this context, "deliberate indifference" means that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

As an initial matter, the Coahoma County Sheriff's Dept. is not a suable entity separate from Coahoma County. Accordingly, it is my recommendation that this

defendant be dismissed.  However, in light of Plaintiff's allegations, that he, a minor, was housed with an adult inmate who assaulted him, it is my recommendation that the remaining defendants be called upon to answer the allegations of the Complaint.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 21st day of May, 2008.

       **/s/   Eugene M. Bogen**
       **UNITED STATES MAGISTRATE JUDGE**