# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**RONALD DURHAM**                                                                                    **PLAINTIFF**

**v.**                                                                                    **No. 2:07CV145-P-S**

**COAHOMA COUNTY SHERIFF'S DEPARTMENT, ET AL.**                             **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ronald Durham, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was sexually assaulted by another inmate while housed at the Coahoma County Jail. The defendants have moved for summary judgment, and the plaintiff has not responded. The time for response has expired, and the matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted and the instant case dismissed for failure to state a claim upon which relief could be granted.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the

burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

On September 7, 2007, the plaintiff, an inmate at the Coahoma County Jail, filed this lawsuit.  The plaintiff alleges that he was sexually abused by Martin Gipson, a fellow inmate in the Coahoma County Jail.  After the incident, Gipson admitted to defendants Humphrey and Gordon that he had assaulted the plaintiff.  Defendant Austin was aware of "the whole situation" but took no post-incident disciplinary action towards Gipson.  No official at the Coahoma County facility had knowledge the Gipson might assault the plaintiff *before* the incident occurred.  The plaintiff testified at the *Spears* hearing that he himself had no warning that he would be assaulted by Gipson – and that none of the defendants had advance warning, either.

The plaintiff has not, however, alleged that any attacks occurred *after* jail officials were notified of the incidents.  Neither has the plaintiff claimed that actions of Sheriff Andrew Thompson led to the attack.  Finally, in bringing this lawsuit, the plaintiff admits that he did not first present a grievance or otherwise exhaust his administrative remedies prior to filing suit; instead he alleges that the jail did not have such a system in place.  The Coahoma County Jail, however, does have such a grievance system (as detailed in the affidavit of Sheriff Andrew Thompson and the accompanying grievance policy and forms).  The plaintiff simply chose not to use the grievance procedure.

---

[1]For the purpose of this memorandum opinion and final judgment only, all of the plaintiff's allegations except for the availability of administrative remedies at the Coahoma County Jail have been taken as true.  As the defendants have provided an affidavit – as well as documentary proof – showing that a grievance procedure was available at the jail, this issue of fact is not genuine, and disposition of this case on summary judgment is appropriate.

**Failure to Protect**

Durham claims that the defendants failed to protect him from the sexual assault of inmate Gipson. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In this case, the plaintiff has not alleged that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim under § 1983. *Id.* at 826 (citation omitted). Indeed, the plaintiff conceded that neither he nor the prison officials knew of the risk that inmate Martin Gipson posed to the plaintiff. As a matter of reason, prison officials cannot prevent one inmate from attacking another unless the officials first know that the potential attacker has targeted the potential victim. For this reason, the plaintiff's claim that the defendants failed to protect him from assault must fail.

**Exhaustion**

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

*Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002). Courts need not inquire whether administrative procedures "satisfy 'minimum acceptable standards' of fairness and effectiveness." *Booth v. Churner*, 532 U.S. 731, 740 n. 5, 121 S.Ct. 1819 (2001). Under §1997e(a), a prisoner must exhaust such administrative remedies as are "available," whatever they may be. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001). If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate. Id. at 359. The plaintiff in this case has admitted that he did not even attempt to use the administrative grievance procedure at the jail. As such, this case shall also be dismissed for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of July, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE